76 F.3d 393
 NOTICE: Although citation of unpublished opinions remains unfavored, unpublished opinions may now be cited if the opinion has persuasive value on a material issue, and a copy is attached to the citing document or, if cited in oral argument, copies are furnished to the Court and all parties. See General Order of November 29, 1993, suspending 10th Cir. Rule 36.3 until December 31, 1995, or further order.
 Alan David SWENDRA, Petitioner-Appellant,
v.
Honorable Tom WOODFORD, Jefferson County District Court,
Robert Furlong, Superintendent, Limon Correctional
Facility, and Gale Norton, Attorney
General, State of Colorado,
Respondents-Appellees.
 No. 95-1374.
 United States Court of Appeals, Tenth Circuit.
 Jan. 26, 1996.
 
 ORDER AND JUDGMENT[1]
 Before TACHA, BALDOCK, and BRISCOE, Circuit Judges.[2]
 BALDOCK, Circuit Judge.
 
 
 1
 Petitioner Alan David Swendra is incarcerated in the Limon Correctional Facility, Limon, Colorado. In February 1991, Swendra was convicted on state charges of first-degree murder, attempted aggravated robbery, and conspiracy to commit aggravated robbery. The trial court sentenced Swendra to life imprisonment without parole plus sixteen years. The Colorado Court of Appeals affirmed his convictions in an unpublished opinion. Swendra did not seek certiorari in the Colorado Supreme Court. Instead, in April 1994, Swendra filed a motion for post-conviction relief in the trial court pursuant to Colo. R.Crim. P. 35(c). When the trial court failed to promptly rule upon his motion, Swendra sought a writ of mandamus in the Colorado Supreme Court. The Supreme Court denied Swendra's writ in October 1994.
 
 
 2
 In May 1995, Swendra filed a petition for a writ of habeas corpus under 28 U.S.C. 2254 in the federal district court. In his petition, Swendra claimed that (1) the state trial court's failure to rule on his post-conviction motion violated his due process rights, and (2) any further efforts to obtain a ruling in the state court would be futile. Analyzing the matter under the four-part test enunciated in Harris v. Champion, 15 F.3d 1538 (10th Cir.1994), a magistrate judge recommended dismissal of Swendra's petition pending his exhaustion of state remedies. The district court adopted the recommendation over Swendra's objection and dismissed his petition in August 1995.
 
 
 3
 Swendra submitted his notice of appeal to this court the same month. We have jurisdiction under 28 U.S.C. 1291 & 2253. On appeal, Swendra raises the same claims for relief that he did before the district court. The State of Colorado informs us, however, that the trial court denied Swendra's motion for post-conviction relief on October 6, 1995, and Swendra's appeal from that denial is currently pending in the Colorado Court of Appeals. Accordingly, we agree with the district court's dismissal for failure to exhaust state remedies. Our dismissal is without prejudice to Swendra seeking a subsequent writ once he has exhausted his state remedies.
 
 
 4
 AFFIRMED.
 
 
 
 [1]
 This order and judgment is not binding precedent, except under the doctrines of law of the case, res judicata, and collateral estoppel. The court generally disfavors the citation of orders and judgments; nevertheless, an order and judgment may be cited under the terms and conditions of 10th Cir. R. 36.3
 
 
 [2]
 After examining the briefs and appellate record, this panel has determined unanimously that oral argument would not assist the determination of this appeal. See Fed. R.App. P. 34(a); 10th Cir. R. 34.1.9. The case therefore is ordered submitted without oral argument